UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Inta P.,                                                      Civ. No. 19-1714 (PAM/KMM)

                   Plaintiff,

v.                                                       **MEMORANDUM AND ORDER**

Andrew M. Saul, Commissioner
of Social Security,

                   Defendant.

---

This matter is before Court on the parties' cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion is denied and Defendant's Motion is granted.

**BACKGROUND**

Plaintiff Inta Phongvixay filed an application for disability insurance benefits on April 12, 2016, and again on May 5, 2016, alleging that she has been disabled since April 1, 2016, due to a kidney transplant, memory problems, fatigue, and other physical complaints. (Admin. R. at 16.)

An individual is considered disabled for purposes of Social Security Disability Insurance benefits if she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In addition, an individual is disabled "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age,

education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. § 1382c(a)(3)(B). "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. § 1382c(a)(3)(D).

The Commissioner has established a sequential, five-step evaluation process to determine whether an individual is disabled. 20 C.F.R. § 416.920(a)(4). At step one, the claimant must establish that she is not engaged in any "substantial gainful activity." Id. § 416.920(a)(4)(i). If she is not, the claimant must then establish that she has a severe medically determinable impairment or combination of impairments at step two. Id. § 416.920(a)(4)(ii). At step three the Commissioner must find that the claimant is disabled, if the claimant satisfies the first two steps and the claimant's impairment meets or is medically equal to one of the listings in 20 C.F.R. Part 404, Subpart P, App'x 1. Id. § 416.920(a)(4)(iii). If the claimant's impairment does not meet or is not medically equal to one of the listings, the evaluation proceeds to step four. The claimant then bears the burden of establishing her residual functional capacity ("RFC") and proving that she cannot perform any past relevant work. Id. § 416.920(a)(4)(iv); Young v. Apfel, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). If the claimant proves she is unable to perform any past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work existing in a significant number of jobs in the national economy. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). If the claimant can perform such work, the Commissioner will find that the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

After a hearing, the Administrative Law Judge ("ALJ") determined that Plaintiff had several severe impairments: chronic kidney disease following a transplant, left carpal tunnel syndrome, migraines, and organic mental disorder. (Admin. R. at 21.) The ALJ then determined that none of her impairments met or medically equaled the requirements of listed impairments. (Id. at 21-23.) The ALJ found that Plaintiff's RFC allowed her to perform work that exists in significant numbers in the national economy. (Id. at 30-31.) Thus, the ALJ determined that Plaintiff was not disabled. (Id. at 31.)

Plaintiff brought this lawsuit under 42 U.S.C. § 405(g), after the Appeals Council affirmed the ALJ's determination that she was not disabled. She contends that the ALJ's RFC determination does not account for all credible limitations, including that she frequently must miss work due to her medical conditions and that her need for frequent breaks throughout the workday renders her unable to hold a consistent job. Plaintiff also argues that the ALJ failed to consider all of her relevant impairments.

**DISCUSSION**

The Court's review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole." McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000). "Substantial evidence . . . is more than a mere scintilla." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (quotation omitted). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). As long as substantial evidence in the record supports the Commissioner's decision, the Court may not reverse it because substantial evidence exists in the record that

would have supported a contrary outcome or because the Court would have decided the case differently. McKinney, 228 F.3d at 863.

   A.   RFC

The ALJ determined that Plaintiff's conditions did not meet or medically equal a listing and that she had the RFC to perform routine, repetitive unskilled tasks, and was able to tolerate the routine stress of a routine, repetitive work setting, as long as such work accommodates her other physical limitations. (Admin. R. at 23.) She primarily contends that the RFC determination is not supported by substantial evidence in the record.

Plaintiff disputes the ALJ's determination that her absences from work do not preclude her from employment. She claims that the medication she takes because of her kidney transplant negatively affects her immune system, restulting in four hospitalizations for infections since April 1, 2016. But one of those hospitalizations was for a tonsillectomy, unrelated to her kidney transplant. (Id. at 24.) Most importantly, Plaintiff did not provide any medical evidence to prove that past infections indicate the likelihood of future infections or that her past absences from work indicate future absences. Plaintiff has worked part-time since April 1, 2016, and currently has a job that requires skills beyond her residual functional capacity. (Id. at 27.)

Plaintiff further contends that the RFC failed to consider the number of restroom breaks and other breaks she would require at work. But Plaintiff failed to provide any medical evidence since the onset date to support this claim, so the argument fails.

### B. Listing 5.08

Plaintiff further contends that the ALJ erred by not considering all her relevant impairments, particularly that she met or equaled Listing 5.08 for "weight loss due to any digestive disorder." 20 C.F.R. pt. 404, Subpt. P, App. 1, 5.08. But Plaintiff was never diagnosed with a digestive disorder, and she does not cite any provider who diagnosed her with a digestive disorder. Although Plaintiff suffered from diverticulitis in 2016, that infection resolved and Plaintiff cites no subsequent digestive issues. Even had Plaintiff continued to suffer from diverticulitis, the ALJ determined that it was not a severe impairment. (Admin. R. at 25.) Moreover, the only other incident of a digestive issue (escherichia coli sepsis) that she references occurred before Plaintiff's alleged onset date. (Id. at 25.) Because there was no record support for Listing 5.08, the ALJ did not err in failing to consider it. Bagwell v. Comm'r, Soc. Sec. Admin., 916 F.3d 1117, 1120 (8th Cir. 2019). Plaintiff's challenges to the ALJ's determination fail.

### CONCLUSION

Substantial evidence in the record supports the Commissioner's decision to deny benefits here. Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Motion for Summary Judgment (Docket No. 12) is **DENIED**; and
2. Defendant's Motion for Summary Judgment (Docket No. 14) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: February 10, 2020

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge